Filed 6/6/14  J.L. v. Superior Court CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| J.L.,<br><br>        Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF ALAMEDA COUNTY,<br><br>        Respondent;<br><br>ALAMEDA COUNTY SOCIAL SERVICES AGENCY,<br><br>        Real Party in Interest. | A141379<br><br>(Alameda County<br>Super. Ct. Nos. OJ13021089,<br>OJ13021090) |

**MEMORANDUM OPINION[1]**

In June 2013, dependency petitions were filed in connection with the two children of petitioner J.L. (Father) and S.T. (Mother), alleging Mother was no longer willing to care for them.  (Welf. & Inst. Code,[2] § 300, subd. (g).)  Both children were found to be dependents of the court.  Father was not living with Mother at the time, but he was eventually located and declared to be a presumed father nine months after the dependency petitions were filed.

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1(1), (3).

[2] All statutory references are to the Welfare and Institutions Code.

Six days after Father was granted presumed father status, the juvenile court held a hearing on Mother's challenge to a recommendation by the Alameda County Social Services Agency (Agency) that her reunification services be terminated. At the outset of the hearing, Mother withdrew her challenge to the recommendation.

Father's counsel then informed the court he had prepared a petition under section 388 for modification of the order denying reunification services to Father. Counsel opposed the scheduling of a section 366.26 permanency planning hearing "pending the outcome of our [section 388 request] and the request for either placement of the minors with [Father] or having reunification services given to him." To this, the court responded, "Those are requests outside of the scope of the issues for today's contest." Later in the hearing, the court denied the request for placement with Father "without prejudice," given counsel's failure to provide notice to the parties.

The Agency subsequently asked the court to make a finding that the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.; ICWA) "does not apply in this matter." Father's counsel told the court Father was not sure whether he had Native American heritage. The court asked Father "to investigate that matter" because "we need some answer as soon as possible," and it took no further action with respect to the Agency's request. After making appropriate findings, the court terminated Mother's reunification services and scheduled a section 366.26 hearing. Notwithstanding the court's failure to make an ICWA finding at the hearing, the minute order entered after the hearing states, "ICWA does not apply."

Father seeks an extraordinary writ vacating the setting of the section 366.26 hearing on the ground the juvenile court erred in failing to address his request for reunification services and in finding ICWA inapplicable. The issuance of such a writ is ordinarily sought as a means of challenging a termination of reunification services. (*People v. Mena* (2012) 54 Cal.4th 146, 156–157.)

We find no abuse of discretion in the juvenile court's decision to schedule a section 366.26 hearing without ruling on Father's oral request for reunification services. It is clear the court anticipated the request would be made in a section 388 petition, with

2

notice to the other parties. Because a section 388 petition can be made at any time up until the section 366.26 hearing (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309), there was no need for the court to make a ruling prior to Father's submission of a petition. In the event the court grants services, it can readily vacate the section 366.26 hearing.

Father argues that, as a presumed father, he was entitled to reunification services as a matter of law under section 361.5, subdivision (a). On the contrary, there are at least 16 grounds for denying services to a presumed father listed in section 361.5, subdivision (b)(1)–(16), and the juvenile court did not abuse its discretion in requiring the submission of a petition to permit the consideration of these exceptions. Father also argues he was not required to submit a section 388 petition under *In re Zacharia D.* (1993) 6 Cal.4th 435, citing pages 445 and 453, but *Zacharia D.* contains no such holding.

As to the court's finding regarding ICWA, the entry in the minute order appears to be an error, since the court made no such finding at the hearing and appeared to intend no such finding. Because the erroneous entry of a finding with respect to ICWA has no direct connection to the setting of a section 366.26 hearing, and because the error can be cured in advance of the hearing, we decline to exercise our discretion to vacate the order scheduling the section 366.26 hearing. Should the court fail to correct the error, assuming it is an error, the matter can be raised on direct appeal.

The petition for an extraordinary writ is denied. The decision is final in this court immediately. (Cal. Rules of Court, rules 8.452(i), 8.490(b)(2)(A).)

_____
Margulies, Acting P.J.

We concur:


_____
Banke, J.


_____
Becton, J.[*]


_____
[*] Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4